IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

VICTOR GARZA, JR.,

     Plaintiff,

v.                                 Civil Action No. 5:24-cv-00857

BLUE BONNET ENERGY & TRANSPORT,
INC. AND DAVID L. GARZA,

     Defendants.
_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, VICTOR GARZA, JR. (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendants, BLUE BONNET ENERGY & TRANSPORT, INC. and DAVID GARZA (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## **INTRODUCTION**

1.    This is an action by Plaintiff against his employers pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

2.    Plaintiff seeks damages pursuant to 29 U.S.C. 216(b), including without limitation, unpaid overtime, liquidated damages, and a reasonable attorney's

fees and costs.

## JURISDICTION

3.    This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

4.    Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant BLUE BONNET ENERGY & TRANSPORT, INC. has offices in Dimmit County, Texas.

## THE PARTIES

5.    Plaintiff VICTOR GARZA, JR. is an individual residing in Dimmit County, Texas.

6.    Defendant DAVID L. GARZA is an individual residing in Dimmit County, Texas, and owns and operates BLUE BONNET ENERGY & TRANSPORT, INC.,

7.    Defendant DAVID L. GARCIA is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant BLUE BONNET ENERGY & TRANSPORTATION, INC. in relationship to Plaintiff. By virtue of these activities, Defendants are joint employers as defined by 29 U.S.C. §

2

203(d).

8.    Defendant DAVID L. GARCIA (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.   Defendant DAVID L. GARCIA personally supervised Plaintiff and determined her rate of pay and job duties.   Defendant DAVID L. GARCIA was directly responsible for the handling and approval of payroll for Defendant BLUE BONNETT ENERGY & TRANSPORTATION, INC.

9.    Defendants employed Plaintiff VICTOR GARZA, JR. from April 2023 through July 8, 2024 as a vacuum truck driver whose primary duties included 1) hauling salt water away from oilfield sites with a vacuum truck and equipment and 2) hauling rock with a belly dump truck at oilfield sites in Texas at the regular rate of $25.00 per hour.

10.    Defendant BLUE BONNET ENERGY & TRANSPORT, INC. is a domestic for-profit corporation formed and existing under the laws of the State of Texas.

11.    Defendant BLUE BONNET ENERGY & TRANSPORT, INC. is a company that primarily operates a transportation and pipeline construction,

maintenance and remediation business to energy sector customers at oilfield sites around Texas and is an employer as defined by 29 U.S.C. § 203(d).

12.    Defendant BLUE BONNET ENERGY & TRANSPORT, INC. has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

13.    At all times material to this complaint, Defendant BLUE BONNET ENERGY & TRANSPORT, INC. employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

14.    At all times material to this complaint, Defendant BLUE BONNET ENERGY & TRANSPORT, INC. was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

15.    At all times material to this complaint, Defendant BLUE BONNET ENERGY & TRANSPORT, INC. employed workers who handled imported goods, which during their existence, had been shipped to Texas in interstate commerce, *e.g.*, trucks and trailers that were built outside of the state of Texas.

16.    At all times material to this Complaint, Defendant BLUE BONNET ENERGY & TRANSPORT, INC. was the employer of Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendant for his employment.

## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

17.     During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty hours, but was never paid the additional half-time premium for each hour over 40 worked in a workweek as required under the FLSA.

18.     Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek. For example, during Plaintiff's employment with Defendants, Plaintiff was required to work overtime hours for which he was not properly compensated. More specifically, and as an example, during the week of June 17, 2024, Plaintiff worked 67.5 hours for Defendants, however, he was only paid for each hour at the regular rate of $25.00 per hour.

19.     Defendants had knowledge of and approved such work being performed by Plaintiff.

20.     Plaintiff did not hold a position that would be considered exempt from the overtime requirements of the FLSA.

21.     As a result of Defendants' unlawful conduct, Plaintiff has been

damaged.

22.    Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

23.    Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

24.    Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff VICTOR GARZA demands Judgment against Defendants BLUE BONNET ENERGY & TRANSPORT, INC. and DAVID L. GARCIA for the following:

a.    Unpaid overtime wages found to be due and owing;

b.    An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c.    Prejudgment interest in the event liquidated damages are not awarded;

d.    Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.    For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff VICTOR GARZA demands a jury trial on all issues so triable.

Respectfully submitted this August 5, 2024.

**ROSS SCALISE BEELER AND PILLISCHER**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

**CHARLES L. SCALISE**
Texas Bar No. 24064621

**ATTORNEYS FOR PLAINTIFF**